IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WILSON, | No. C 07-2727 RMW (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| MEDICAL CARE FOR CALIFORNIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his medical care and treatment during his incarceration at San Quentin State Prison.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

1  The preferred practice in the Ninth Circuit has been that challenges to conditions of
2  confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d
3  573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of
4  confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
5  dismissal of habeas petition on basis that challenges to terms and conditions of
6  confinement must be brought in civil rights complaint).
7      Accordingly, the court will dismiss the instant habeas action without prejudice
8  because petitioner's claims do not challenge the duration or legality of his confinement or
9  sentence under § 2254.  Petitioner's claims are more appropriately addressed in a civil
10  rights complaint pursuant to 42 U.S.C. § 1983.  The court notes that petitioner has a
11  pending civil rights action, case no. C 07-2728 RMW (PR), challenging his medical care
12  and treatment at San Quentin State Prison.

## CONCLUSION

14  The petition for writ of habeas corpus is DISMISSED without prejudice.  The
15  clerk shall terminate any pending motions and close the file.  No filing fee is due.
16      IT IS SO ORDERED.
17  DATED: 6/6/2007          /s/ Ronald M. Whyte
                             RONALD M. WHYTE
18                           United States District Judge

Order of Dismissal
P:\pro-se\sj.rmw\hc.07\Wilson727disrem           2

1  This is to certify that on _____6/7/2007_____, a copy of this ruling was mailed to the following:
2
3  Patrick Wilson
   T-50230
4  San Quentin State Prison
   San Quentin, CA  94974
5